IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| EUGENE J. HARRIS, | ) CIVIL ACTION 4:11-1685-JMC-TER |
| Plaintiff, | ) |
| v. | ) |
| | ) REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

This matter is before the court on a motion to dismiss for lack of subject matter jurisdiction filed by Defendant on January 9, 2012. (Doc. #21). Plaintiff, proceeding *pro se*, brought this action pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section §405(g), to obtain judicial review of the denial to amend his onset date. Defendant filed a motion to dismiss for lack of subject matter jurisdiction asserting this court does not have jurisdiction because Plaintiff failed to exhaust administrative appeals by withdrawing his request for a hearing. Plaintiff filed a response. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.). For the reasons set forth below, this Court recommends that the Commissioner's motion to dismiss be granted.

## PROCEDURAL HISTORY

The Plaintiff, Eugene J. Harris, filed an application for DIB on March 27, 2009, alleging inability to work. Plaintiff's application was denied at the initial level. Upon reconsideration,

Plaintiff was found disabled with an onset date of January 6, 2010, by notice dated February 7, 2010. Plaintiff appealed the onset date by filing a request for a hearing on February 17, 2010. On October 20, 2010, Plaintiff's representative submitted a letter that since the request for an on-the-record decision had been denied, Plaintiff withdrew his request for a hearing and accepted the decision that his disability onset date occurred in January 2010. (Exhibit 4, doc. # 21-2). On October 28, 2010, the ALJ dismissed Plaintiff's request for a hearing pursuant to Plaintiff's request to withdraw the request for a hearing. (Exhibit 5, doc. #21-2). On December 8, 2010, Plaintiff's attorney forwarded a letter to the Appeals Council requesting review of the onset date and stating "Judge William F. Pope dismissed our request for an administrative hearing on October 28, 2010. Because of miscommunication between the attorney and the claimant we had incorrectly asked for the hearing request to be dismissed. The claimant did not understand conversations with the undersigned attorney and it was necessary to speak to claimant's wife." (Declaration of Jones, Exhibit 6, doc. #21-2). On March 22, 2011, the Appeals Council issued a notice denying the Plaintiff's request for review. (Exhibit 7, doc. #21-2). Plaintiffs' representative withdrew representation on May 9, 2011, and Plaintiff requested an extension of time on May 23, 2011. (Exhibits 8 and 9, doc.#21-2). On June 13, 2011, Defendant contends that despite the fact that it had not initially notified Plaintiff that he had the right to seek judicial review, the Appeals Council inadvertently granted the Plaintiff a 30-day extension of time to file a civil action. (See Declaration at 4(e), Exhibit 10). On July 13, 2011, Plaintiff filed suit in the United States District Court for the District of South Carolina, seeking judicial review of the denial of his claim.

The Commissioner filed a motion to dismiss asserting that Plaintiff cannot seek judicial review when he did not exhaust his administrative appeals. Defendant asserts that the ALJ issued

an order on October 28, 2010, dismissing Plaintiff's request for a hearing pursuant to the Plaintiff's request to withdraw the request for a hearing. Therefore, Defendant contends Plaintiff has not received a "final decision" of the Commissioner as required to obtain judicial review under 42 U.S.C. 405(g).

The Social Security Act authorizes judicial review of adverse decisions rendered by the Commissioner. 42 U.S.C. § 405(g). The United States Supreme Court has enumerated three requirements for judicial review pursuant to § 405(g):

> (1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the Secretary may allow); and (3) filing of the action in an appropriate district court, in general that of the plaintiff's residence or principal place of business.

Weinberger v. Salfi, 422 U.S. 749, 763–64, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975). The second and third requirements, which are waivable, specify, respectively, a statute of limitations and appropriate venue. Id. at 764. The first requirement— a final decision of the Commissioner made after a hearing—is mandatory; the Court stated, "We interpret the first requirement, however, to be central to the requisite grant of subject-matter jurisdiction—the statute empowers district courts to review a particular type of decision by the [Commissioner that type being those which are 'final' and 'made after a hearing.' " Id.

Under the Administration's regulations, an individual claiming entitlement to DBI or SSI benefits first receives an initial determination. 20 C.F.R. §§ 416.1400(a)(1), 416.1402. If dissatisfied with this determination, the claimant may ask for reconsideration. Id. §§ 416.1400(a)(2), 416.1407. If dissatisfied with the reconsidered determination, the claimant may request a hearing before an ALJ. Id. §§ 416.1400(a)(3), 416.1407, 416.1429. If the claimant is dissatisfied with the ALJ's

hearing decision, the claimant may request Appeals Council review of the decision. Id. §§ 416.1400(a)(4), 416.1467. The Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner. Id. § 416.1467, 416.1481. Alternatively, the Appeals Council may grant the request for review and issue its own decision. Id. § 416.1467, 416.1481. In either event, the claimant may then seek judicial review of the Commissioner's final decision; thus, under the Administration's regulations, a claimant obtains a judicially reviewable final decision only if he completes the administrative appeals process.

## DISCUSSION

Upon review of the record before the Court, it is undisputed that Plaintiff's attorney withdrew his request for a hearing. Plaintiff's attorney sent a letter to the Appeals Council requesting an appeal of the onset date stating that the request for an administrative hearing was dismissed incorrectly due to a "miscommunication between the attorney and the claimant." (Doc. 21-2, Exhibit 6). The Appeals Council denied the appeal. Plaintiff failed to exhaust his administrative remedies and failed to obtain a judicially reviewable "final decision." Therefore, this court does not have subject matter jurisdiction over Plaintiff's claim. Federal courts can only hear appeals from a "final decision" of the Commissioner. See 42 U.S.C. § 405(g); Mathews v. Eldridge, 424 U.S. 319, 327, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) ("The only avenue for judicial review is 42 U.S.C. § 405(g), which requires exhaustion of the administrative remedies provided under the Act as a jurisdictional prerequisite."). The Fourth Circuit has held:

> Under 42 U.S.C. § 405(g), the district court has jurisdiction to review the Secretary's final denial of claims if the Secretary based denial on a hearing.

4

Shrader v. Heckler, 754 F.2d 142 (4th Cir.1985).

Section 405(g) of Title 42 of the United States Code therefore authorizes judicial review only of a "final decision of the Commissioner of Social Security made after a hearing." The Regulations provide that a claimant must complete a four-step administrative review process within certain time periods to obtain a judicially reviewable "final decision." 20 CFR §§ 404.900(a), 416.1400(a). This four-step process involves seeking an Initial Determination, Reconsideration, an Administrative Hearing before an Administrative Law Judge, and Appeals Council review. Id. Because Congress has authorized judicial review only of a "final decision," as defined by the Commissioner, and Plaintiff has not exhausted the administrative remedies required to obtain such a "final decision," Plaintiff's Complaint must be dismissed. See Heckler v. Ringer, 466 U.S. 602, 618–19, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984) (holding that the district court's dismissal was appropriate because of the plaintiff's failure to exhaust).

## CONCLUSION

Accordingly, it is RECOMMENDED that the Defendant's motion to dismiss (doc. # 21) be GRANTED and this action dismissed.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

June 11, 2012
Florence, South Carolina