# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Eugene J. Harris, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Michael J. Astrue, )<br>Commissioner of Social Security, )<br>)<br>Defendant. )<br>_____) | Civil Action No.: 4:11-cv-01685-JMC<br><br>**ORDER** |

This matter is before the court for a review of the Magistrate Judge's Report and Recommendation ("Report"), [Dkt. No. 26], filed on June 11, 2012, recommending that the decision of the Commissioner of Social Security ("the Commissioner") denying Plaintiff's claim for Disability Insurance Benefits ("DIB") be affirmed, pursuant to sentence four of 42 U.S.C. § 405(g) and grant Defendant's Motion to Dismiss [Dkt. No. 21], thus dismissing the above listed action. The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Neither party submitted objections to the Magistrate Judge's Report and Recommendation.[1] In the absence of objections to the Magistrate Judge's Report and Recommendation, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report and Recommendation results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

After a thorough review of the Report and Recommendation and the record in this case, the court **ADOPTS** the Magistrate Judge's Report and Recommendation [Dkt. No. 26] and incorporates it herein. The court finds that Plaintiff has not exhausted his remedies within the Social Security Administration. Should Plaintiff wish to pursue any further review of this matter, he must first seek the available recourse within the Social Security Administration, which may include a request for reconsideration, a request to reopen his case, or other administrative remedies as provided by the Social Security Administration. It is therefore **ORDERED** that the Commissioner's decision is affirmed in accordance with 42 U.S.C. § 405(g) (providing that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."). Furthermore, Defendant's Motion to Dismiss [Dkt. No. 21] is **GRANTED** and the

---

[1] The court acknowledges that, although Plaintiff did not file any objections to the Magistrate Judge's Report, Plaintiff did file a letter explaining that he only filed this action based upon his understanding of advice from the Social Security Administration representatives concerning his options for receiving a hearing on the unfavorable decision regarding his disability onset date.

above listed case is **DISMISSED**.

    **IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

Greenville, South Carolina
November 19, 2012

3